**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 26, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

SOLOMON BROADUS, also known
as Sulayman Ansar Rahim,

      Plaintiff - Appellant,

v.

CORRECTIONS CORPORATION OF
AMERICA, INC.; DIAMONDBACK
CORRECTIONAL FACILITY;
MICKEY LILES, Warden, in his
individual capacity; DELGADO, Unit
Manager, in his individual capacity;
CAPTAIN BRYANT, Shift
Supervisor, in his individual capacity;
SHOEMAKER, Lieutenant; and MR.
GREEN, Correctional Officer, in his
individual capacity,

      Defendants - Appellees.

No. 04-6136
(D.C. No. 03-CV-273-R)
(W.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

[*]After examining the briefs and appellate record, this panel has determined unanimously to grant the parties' request for a decision on the briefs without oral argument. See Fed. R. App. P. 34(f) and 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This Order and Judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **EBEL**, **McKAY** and **HENRY**, Circuit Judges.

Solomon Broadus, also known by his Muslim name, Sulayman Ansar Rahim, is an inmate in Oklahoma state prison. He appeals *pro se* the district court's dismissal of his civil rights action under 42 U.S.C. § 1983 and requests leave to proceed on appeal *in forma pauperis*. We affirm the dismissal and grant his motion to proceed *in forma pauperis*.

## I. BACKGROUND

In March 2003, while incarcerated in a private prison operated by defendant Corrections Corporation of America, Inc. ("CCA"), Mr. Broadus filed a civil rights complaint against CCA and five prison officials[1] under 42 U.S.C. § 1983. He listed his name on the complaint as "Sulayman Ansar Rahim AKA Solomon Broadus." The complaint alleged that the prison officials had violated Mr. Broadus's constitutional rights by causing him to be exposed to environmental tobacco smoke and by subjecting him to a strip search in front of a female officer. In May 2003, Mr. Broadus was transferred to another prison, the Great Plains Correctional Facility ("GPCF"), and filed a change of address with the district court.

---

[1]The officials are: Warden Mickey Liles, Unit Manager Delgado, Captain Bryant, Lieutenant Shoemaker, and Correctional Officer Green.

Mr. Broadus's § 1983 claim was referred to a magistrate judge, who issued a Report and Recommendation on February 23, 2004. The magistrate judge recommended that the action be dismissed without prejudice: as to defendants CCA and Liles, for failure to exhaust administrative remedies; as to the remaining defendants, for failure to effect timely service of process. A copy of the magistrate judge's Report and Recommendation was sent to Mr. Broadus under just his Muslim name but was returned as undeliverable since the GPCF would not accept mail in that name.[2] The copy of the Report and Recommendation was then sent to Mr. Broadus in his birth name; he received that copy on or about March 1.

The Report and Recommendation stated that Mr. Broadus had until March 15, 2004 to file objections to it. Mr. Broadus filed a motion for an extension of time to file objections, which the court docketed on March 5, 2004. Mr. Broadus realized shortly after filing his motion that he had failed to include a certificate of mailing, so he sent a separate certificate to the court. On March 18, he received a response from the district court clerk's office rejecting his certificate of mailing since it was not included with his original motion. Meanwhile, on March 8, the district court had entered an order ("Order #1") striking Mr. Broadus's motion for

[2]Two earlier orders had also been sent to Mr. Broadus under his Muslim name and returned as undeliverable.

an extension of time because he had failed to include both an extra copy of his motion and a certificate of mailing.[3]  A copy of Order #1 was mailed to Mr. Broadus, again in his Muslim name, but was returned to the court as undeliverable on March 15 — the deadline for filing objections to the Report and Recommendation.  On March 18, the district court sent another copy of Order #1, this time properly addressed to Mr. Broadus in his birth name but addressed to the wrong facility.  On or about March 23, Mr. Broadus finally received a copy of Order #1.

On March 26, the district court entered an order ("Order #2") dismissing the action without prejudice as to all defendants.  Order #2 stated: "No objection to the Report and Recommendation has been filed nor has an extension of time in which to object been granted.  Therefore, the Report and Recommendation of the Magistrate Judge is ADOPTED in its entirety . . . ."[4]

Mr. Broadus timely appealed Order #2.  The district court denied his motion to appeal *in forma pauperis*, and he renews that motion on appeal.

## II.  DISCUSSION

---

[3]This was the second time the court had stricken one of Mr. Broadus's motions for failure to include a certificate of mailing.

[4]A copy of Order #2 was sent to Mr. Broadus, under his birth name, but again addressed to the wrong facility.  It was returned as undeliverable and then re-sent to the correct address.

Mr. Broadus claims on appeal that the district court erred in adopting the magistrate judge's Report and Recommendation because his failure to timely file objections was "no fault of his own" and due to excusable neglect. He contends that if he had timely received the copy of Order #1, he would have known that the court had stricken his motion and could have properly refiled a timely motion for an extension of time. He asks that we remand to the district court so that he "can have an opportunity to address the magistrate [sic] report and recommendations." We affirm the district court's decision.

## A. Waiver of appellate rights

The first question we must address is whether Mr. Broadus, by failing to timely object to the magistrate judge's Report and Recommendation, waived his right to appeal the district court's dismissal. In this circuit, we have adopted the "firm waiver rule" that a party who fails to timely object to a magistrate judge's findings and recommendations waives appellate review of both factual and legal questions. Morales-Fernandez v. INS, 418 F.3d 1116, 1119 (10th Cir. 2005). "This rule does not apply, however, when (1) a *pro se* litigant has not been informed of the time period for objecting and the consequences of failing to object, or when (2) the 'interests of justice' require review." Id. Unless Mr. Broadus meets one of these two exceptions, his failure to timely file an objection waived his right to appeal.

The first exception does not apply because the magistrate judge clearly specified the deadline for filing an objection and explained that failure to make timely objection to the Report and Recommendation waived appellate rights. The more difficult question is whether the "interests of justice" require that we review this appeal. As we recently noted, "interests of justice" is "a rather elusive concept" that we "have not defined . . . with much specificity." Id. at 1119–20 (quotation omitted). However, we have enumerated several factors to look at, including "a *pro se* litigant's effort to comply, the force and plausibility of the

- 6 -

explanation for his failure to comply, and the importance of the issues raised." Id. at 1120.

Applying these factors, we conclude that, although it is a close case, the interests of justice exception applies and allows us to review Mr. Broadus's appeal. Mr. Broadus attempted to comply with the rule requiring timely objection by promptly filing a motion for an extension of time in which to object after he received a copy of the magistrate judge's Report and Recommendation. Although his motion was procedurally inadequate, he did not learn of that inadequacy until after the deadline for filing objections had passed. Moreover, that delay in learning of the inadequacy of his motion was not his fault: the district court first sent a copy of Order #1 addressed in Mr. Broadus's Muslim name, which the prison refused to accept even though he apparently had legally changed his name;[5] when the district court then used Mr. Broadus's birth name, it sent the mail to the wrong address, even though Mr. Broadus had submitted a change of address. This case is thus different from Theede v. United States Department of Labor, where the plaintiff was the source of a mailing problem because he "submitted no less than five different zip codes for the same street address, without ever formally

---

[5]We also note that the district court addressed the copy of Order #1 solely in Mr. Broadus's Muslim name even though mail had already three times been returned as undeliverable when so addressed. In fact, at least one time the court had solved the problem by re-mailing the correspondence using Mr. Broadus's birth name.

advising the court of any change of address or address correction." 172 F.3d 1262, 1268 (10th Cir. 1999).

Furthermore, Mr. Broadus's motion for an extension of time was apparently made in good faith, as shown by the fact that Mr. Broadus did ultimately prepare and seek to file objections to the magistrate judge's findings and recommendations. Although when he received no response to his motion Mr. Broadus would have been better served by contacting the court or by filing his objections prior to the deadline, his status as a *pro se* prisoner makes failure to do so excusable in this case.

On balance, we conclude that the interests of justice weigh in favor of our review of Mr. Broadus's claims and that he has thus not waived his right to appeal the district court's decision.

## B. Merits on appeal

Mr. Broadus requests on appeal that we remand this case for the district court to evaluate his objections to the magistrate judge's Report and Recommendation in the first instance. However, we have before us Mr. Broadus's objections to the magistrate judge's Report and Recommendation, and both parties have addressed the merits in their appellate briefs. Because we see no need to remand to the district court, we therefore address the merits of Mr. Broadus's claims.

### 1. Dismissal for failure to effect service of process

The district court dismissed the action as to several defendants due to Mr. Broadus's failure to timely serve them with process. Mr. Broadus does not appeal that dismissal;[6] thus we affirm the dismissal without prejudice as to defendants Delgado, Bryant, Shoemaker, and Green.

### 2. Dismissal for failure to exhaust administrative remedies

The district court also dismissed the action against defendants CCA and Liles for failure to exhaust administrative remedies. Reviewing the dismissal *de novo*, Jernigan v. Stuchell, 304 F.3d 1030, 1032 (10th Cir. 2002), and construing Mr. Broadus's pleadings liberally, see Haines v. Kerner, 404 U.S. 519, 520–21 (1972), we affirm the dismissal.

The Prison Litigation Reform Act ("PLRA") states that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); see also Porter v. Nussle, 534 U.S. 516, 524–25 (2002). We have interpreted this as a "total exhaustion requirement" such that "the presence of unexhausted claims in [a prisoner]'s complaint require[s] [a]

---

[6]In fact, Mr. Broadus himself moved to dismiss those defendants in October 2003, but the district court struck that motion for failure to include a certificate of mailing.

district court to dismiss his action in its entirety without prejudice." Ross v. County of Bernalillo, 365 F.3d 1181, 1189 (10th Cir. 2004). A prisoner bears the burden of pleading exhaustion. Steele v. Fed. Bureau of Prisons, 355 F.3d 1204, 1209 (10th Cir. 2003), cert. denied, 543 U.S. 925 (2004). "In the absence of particularized averments concerning exhaustion showing the nature of the administrative proceeding and its outcome, the action must be dismissed under § 1997e." Id. at 1211.

Proper exhaustion in this case would have entailed full compliance with the prison's three-step grievance procedures. At each step, if a prisoner does not receive a satisfactory response, he may proceed to the next step. The first step is to seek informal resolution by submitting a "request to staff"; the second step is to submit a written grievance, either by putting it in the "Grievance Mail Box" or sending it to the "Facility Grievance Officer"; and the third step is to appeal an unfavorable decision on a grievance to an appropriate reviewing officer. Having reviewed Mr. Broadus's claims, we agree that the magistrate judge correctly concluded that Mr. Broadus failed to fully exhaust the prison grievance procedures. Although his complaint included documentation showing that he submitted several requests to staff, there is no indication that he ever properly filed a written grievance regarding his alleged exposure to environmental tobacco smoke. Because Mr. Broadus was required to *fully* exhaust the prison's

administrative procedures before filing this lawsuit and he failed to do so, we affirm the dismissal for failure to exhaust. <u>Ross</u>, 365 F.3d at 1189.

### III. CONCLUSION

For the foregoing reasons, we AFFIRM dismissal of Mr. Broadus's complaint without prejudice. We GRANT Mr. Broadus's motion to proceed *in forma pauperis* on appeal and remind him of his obligation to continue to make partial payments until his entire fee has been paid.


ENTERED FOR THE COURT


David M. Ebel
Circuit Judge